USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/15/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RICHARD M. KELLY,

                              Plaintiff,

            -against-

EXPERIAN INFORMATION SOLUTIONS et al.,

                              Defendants.
------------------------------------------------------------X

09 Civ. 1142 (JSR) (DF)

**REPORT & RECOMMENDATION**

**TO THE HONORABLE JED S. RAKOFF, U.S.D.J.:**

      Before the Court is a motion by plaintiff Richard M. Kelly ("Plaintiff") for a default judgment against defendant West Suburban Bank. (*See* Dkt. 32.) For the reasons set forth below, I recommend that Plaintiff's motion be denied.

      Rule 55(a) of the Federal Rules of Civil Procedure provides that the Clerk of the Court shall enter a default against a party who "has failed to plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). Once the default has been entered, upon application of the party entitled to a judgment by default, the Court may enter a default judgment against the defaulting party. Fed. R. Civ. P. 55(b). The decision to grant a motion for a default judgment lies in the sound discretion of the trial court. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). Before a default judgment may be entered, however, the Court must be satisfied that the complaint states a claim upon which relief can be granted. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (recognizing court's authority, even after default, to determine whether plaintiff has stated a cause of action).

1

Here, it appears that Plaintiff has failed to state any claim upon which relief can be granted against West Suburban Bank. In his Amended Complaint, Plaintiff alleges that "[m]ultiple companies are claiming I owe them the same debt, are reporting it on my TransUnion credit report. In addition other companies are claiming they have a legal right to collect a debt they have purchased and have not replied to my request to prove they own this debt." (Amended Complaint, dated Aug. 18, 2009 (Dkt. 9), at 3.) Plaintiff further alleges that he is "seeking to have all debts verified by the people claiming they have a legal right to collect them and to have all unvalidate[d] debts removed." (*Id.* at 4.) Plaintiff then annexes to the Amended Complaint a number of documents relating to different debts. (*Id.* at 5-27.)

With respect to West Suburban Bank, Plaintiff annexes just one document, an Experian Consumer Assistance response, where the "Balance" claimed by "Subscriber" West Suburban Bank is "0." (*Id.* at 21.) Thus, Plaintiff has failed to allege that West Suburban Bank even claims that Plaintiff owes it any debt. Because Plaintiff has not demanded any relief that could be granted against West Suburban Bank, I recommend that the Court deny Plaintiff's motion for a default judgment (Dkt. 32).[1]

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be

---

[1] The Court also notes that, even if Plaintiff's Amended Complaint could state a claim against West Suburban Bank, Plaintiff has not submitted proof of proper service, given that the Affirmation of Service attached to Plaintiff's motion does not state the name of the person or entity served and indicates that service was made only by "mail" to an address in Illinois, which is not sufficient for service of process. (Dkt. 32 at 2-3; *see* Fed. R. Civ. Pro. 4(c)(1), (e); *see also* N.Y. C.P.L.R. § 311; 735 Ill. Comp. Stat. 5/2-204.) Hence, it would in any event be improper for the Court to grant a default judgment against this defendant.

filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff, United States Courthouse, 500 Pearl Street, Room 1010, New York, New York, 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 525, New York, New York, 10007.  Any requests for an extension of time for filing objections must be directed to Judge Rakoff.  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.  See *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Hermann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
       October 14, 2010

                                        Respectfully submitted,

                                        DEBRA FREEMAN
                                        United States Magistrate Judge

Copies mailed to:

Mr. Richard M. Kelly
9115 Ridge Blvd., Apt. 4B
Brooklyn, NY 11209

Michael D. Silberfarb, Esq.
Jones Day
222 E. 41st Street
New York, NY 10017

Bruce Luckman, Esq.
Kogan, Trichon & Wertheimer, P.C.
1818 Market Street
Philadelphia, PA 19103-3699